IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>       v.<br><br>URIEL CONTRERAS CORTES,<br><br>                    Defendant. | CASE NO.  1:10-CR-00287 - AWI - 5<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 229) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. § 1B1.10.  For the following reasons, the Court will deny that motion.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, pursuant to U.S.S.G. Section 1B1.10 (a)(2)(B): "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010).

In this case, the district court found a base offense level of 38 pursuant to USSG § 2D1.1, as the quantity of methamphetamine involved in the offense was 4.9 kilograms of actual methamphetamine. Under the amended guidelines, a level 38 applies where the actual amount of methamphetamine exceeds 4.5 kilograms. The defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1).

Moreover, the defendant was sentenced to 96 months in custody, the mandatory maximum for two consecutively imposed sentences for two counts of use of a communication facility to facilitate a drug offense in violation of 21 U.S.C. 843(b). Even if a two level guideline range applied – which it doesn't – defendant's adjusted guideline range would be 235-293 months.

The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Accordingly, the defendant may not receive any relief under Section 1B1.10.

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:   April 27, 2015                    _____
                                            SENIOR DISTRICT JUDGE